Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.   Attach additional pages if necessary.*

11th Circuit Docket Number: __22-10338__

**Caption:**

M.H. and J.H., on behalf of their minor child, C.H.
Plaintiffs-Appellant,

v.

OMEGLE.COM, LLC
Defendant-Appellee

District and Division: Middle District of Florida, Tampa Division
Name of Judge: Judge Virginia M. Hernandez Covington
Nature of Suit: 4360 Other Personal Injury
Date Complaint Filed: 8/25/2020
District Court Docket Number: 8:21-cv-00814-VMC-TGW
Date Notice of Appeal Filed: 1/28/2022
☐ Cross Appeal   ☐ Class Action
Has this matter previously been before this court?
☐ Yes   ☑ No
If Yes, provide
(a)   Caption: _____
(b)   Citation: _____
(c)   Docket Number: _____

**For Appellant:**
☑ Plaintiff
☐ Defendant
☐ Other (Specify)

Attorney Name: James R Marsh

Mailing Address:
Marsh Law Firm, PLLC
31 Hudson Yards, 11th Fl
New York NY 10001

Telephone, Fax, Email:
Phone: 212–372–3030
Email: jamesmarsh@marsh.law
Fax: 833-210-3336

**For Appellee:**
☐ Plaintiff
☐ Defendant
☐ Other (Specify)

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question | ☑ Final Judgment, 28 USC 1291 | ☑ Dismissal/Jurisdiction | Amount Sought by Plaintiff: $_____ |
| ☐ Diversity | ☐ Interlocutory Order, 28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant: $_____ |
| ☐ US Plaintiff | ☐ Interlocutory Order Certified, 28 USC 1292(b) | ☐ Summary Judgment | Awarded: $_____ to _____ |
| ☐ US Defendant | ☐ Interlocutory Order, Qualified Immunity | ☐ Judgment/Bench Trial | Injunctions: |
|  | ☐ Final Agency Action (Review) | ☐ Judgment/Jury Verdict | ☐ TRO |
|  | ☐ 54(b) | ☐ Judgment/Directed Verdict/NOV | ☐ Preliminary   ☐ Granted |
|  |  | ☐ Injunction | ☐ Permanent   ☐ Denied |
|  |  | ☐ Other _____ |  |

Page 2                                                                      11th Circuit Docket Number: 22-10338

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?    ☐ Yes    ☑ No
    What is the issue you claim is one of First Impression? _____

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?    ☑ Yes    ☐ No

    If Yes, provide
    (a) Case Name/Statute  47 U.S.C. 230 / Doe v. Kik Interactive Inc.
    (b) Citation  482 F. Supp. 3d 1242 / 632 F. App'x 272 (6th Cir. 2016)
    (c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
    (a) Arises from substantially the same case or controversy as this appeal?    ☐ Yes    ☑ No
    (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?    ☑ Yes    ☐ No

    If Yes, provide
    (a) Case Name  Doe v. MG Freesites, Ltd.
    (b) Citation  No. 7:21-cv-00220-LSC, 2022 WL407147 (N.D. Ala. Feb. 9 2022)
    (c) Docket Number if unreported _____
    (d) Court or Agency  Northern District of Alabama

(4) Will this appeal involve a conflict of law
    (a) Within the Eleventh Circuit?    ☑ Yes    ☐ No
    (b) Among circuits?    ☑ Yes    ☐ No

    If Yes, explain briefly:
    This case concerns the extent of the broad federal immunity provided by Section 230 of the Communications Decency Act. Within the Circuit, Almeida v. Amazon.com, Inc., 456 F.3d 1316 (11th Cir. 2006) has established the contours of that immunity. In the Ninth Circuit, Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003), Doe v. Internet Brands, Inc., 824 F.3d 846 (9th Cir. 2016), Dyroff v. Ultimate Software Group, Inc., 934 F.3d 1093 (9th Cir. 2019), and Gonzalez v. Google, 2 F.4th 871 (9th Cir. 2021) governs Section 230, although Fair Housing Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157 (9th Cir. 2008) provides some notable exceptions. The DC Circuit also addressed Section 230 immunity in Klayman v. Zuckerberg, 753 F.3d 1354 (D.C. Cir. 2014). The Sixth Circuit has addressed Section 230 in Jones v. Dirty World Ent. Recordings LLC, 755 F.3d 398 (6th Cir. 2014). The Second Circuit has addressed it in Force v. Facebook, 934 F.3d 53 (2nd Cir. 2019) and Herrick v. Grindr LLC, 765 F. App'x 586 (2d Cir. 2019). And the Fifth Circuit in Diez v. Google, Inc., 831 F. App'x 723 (5th Cir. 2020). The Allow States to Fight Online Sex Trafficking Act ("FOSTA"), enacted by Congress in 2018, is also an important issue in this case which has been addressed in the D.C. Circuit in Woodhull Freedom Found v. United States, 948 F.3d 363 (D.C. Cir. 2020) and in the Sixth Circuit in United States v. Afyare, 632 F. App'x 272 (6th Cir. 2016).

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

Whether Appellee's conduct falls outside the bounds of the Communications Decency Act's ("CDA") protection. 47 U.S.C. § 230. Whether Appellee is liable under 18 U.S.C. §§ 2255 and 1595. Whether Appellee knowingly facilitated the production of child pornography in violation of 18 U.S.C. 2255. Whether Appellee "knowingly' violated 18 U.S.C. § 2252A. Whether the Appellant properly pleaded claims under 18 U.S.C. § 1595 ("FOSTA") and whether Appellee knowingly benefitted from an online sex trafficking venture involving Appellant under 18 U.S.C. § 1591.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS  16th  DAY OF  February , 2022 .

James R. Marsh
NAME OF COUNSEL (Print)                                           SIGNATURE OF COUNSEL