IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

Appeal No. 22-10338-AA
D.C. Case No. 8:21-cv-00814-VMC-TGW

_____

M.H., et al.,

Appellants,

v.

OMEGLE.COM LLC,

Appellee.

_____

APPELLEE OMEGLE.COM LLC'S RESPONSE TO THE COURT'S
FEBRUARY 15, 2022 JURISDICTIONAL QUESTION

_____

FOCAL PLLC
Attorneys for Appellee Omegle.com LLC

By: s/ *Kimberlee Gunning*
    Stacia N. Lay, *Pro Hac Vice*
    Venkat Balasubramani, *Pro Hac Vice*
    Kimberlee Gunning, *Pro Hac Vice*
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Telephone: (206) 529-4827
    stacia@focallaw.com
    venkat@focallaw.com
    kim@focallaw.com

THOMAS & LoCICERO PL
Attorneys for Appellee Omegle.com LLC

By: s/ *James J. McGuire*
    James J. McGuire (FBN 187798)
    601 South Boulevard
    Tampa, Florida 33606
    Telephone: (813) 984-3060
    jmcguire@tlolawfirm.com

    Daniela B. Abratt (FBN 118053)
    915 Middle River Dr., Suite 309
    Fort Lauderdale, Florida 33304
    Telephone: (954) 703-3416
    dabratt@tlolawfirm.com

Appeal No. 22-10338-AA

*M.H., et al. v. Omegle.com LLC*

## OMEGLE.COM LLC'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellee Omegle.com LLC, by and through undersigned counsel, pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rules 26.1-1, 26.1-2, and 26.1-3, hereby submits its Certificate of Interested Persons and Corporate Disclosure Statement.

In alphabetical order, following are all trial judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of Omegle.com LLC's stock, and other identifiable legal entities related to a party:

Abratt, Daniela, Esq. – Attorney for Appellee

Balasubramani, Venkat, Esq. – Attorney for Appellee

C.H. – Appellant (minor child)

Covington, Virginia M. Hernandez, the Honorable – U.S. District Court Judge

Focal PLLC – Attorneys for Appellee

Freeman, Jennifer, Esq. – Attorney for Appellants

Gunning, Kimberlee, Esq. – Attorney for Appellee

Hach Rose Schirripa & Cheverie, LLP – Attorneys for Appellants

C-1 of 2

Appeal No. 22-10338-AA
*M.H., et al. v. Omegle.com LLC*

J.H. – Appellant (parent of minor child C.H.)

Lay, Stacia N., Esq. – Attorney for Appellee

Mabie, Margaret E., Esq. – Attorney for Appellants

Marsh, James R., Esq. – Attorney for Appellants

Marsh Law Firm, PLLC – Attorneys for Appellants

McGuire, James J., Esq. – Attorney for Appellee

McNulty, Kevin, the Honorable – U.S. District Court Judge

M.H. – Appellant (parent of minor child C.H.)

Nappi, Hillary, Esq. – Attorney for Appellants

Omegle.com LLC – Appellee

Prusinowski, James T., Esq. – Attorney for Appellee (former)

Schirripa, Frank R., Esq. – Attorney for Appellants

Thomas & LoCicero, PL – Attorneys for Appellee

Trimboli & Prusinowski – Attorneys for Appellee (former)

Wilson, Thomas G., the Honorable – U.S. Magistrate Judge

**FRAP 26.1 Certification**:  Appellee Omegle.com LLC certifies that it has no

parent corporation and no publicly held corporation owns 10% or more of

Appellee's stock.

C-2 of 2

Appellee Omegle.com LLC respectfully submits this response to the Court's

jurisdictional question issued on February 15, 2022 ("Jurisdictional Question"),

which requested that the parties address "whether the relevant pleadings

sufficiently allege the citizenship of the parties so as to invoke the district court's

diversity jurisdiction in the first instance." (Jurisdictional Question at 1.)

While the Jurisdictional Question inquired as to the basis for subject-matter

jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the

Court need not reach that issue, notwithstanding any potential deficiencies in the

pleadings as to the parties' diversity of citizenship. As detailed below, the

operative pleading – the Second Amended Complaint (Dkt. 75) ("SAC") –

demonstrates that the Court has subject-matter jurisdiction pursuant to

28 U.S.C. § 1331 because it includes claims arising under federal law.[1]

In this Circuit, a plaintiff's amended complaint is the relevant complaint for

purposes of determining subject-matter jurisdiction. *See Pintando v. Miami-Dade*

*Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (explaining that "[a]n

amended pleading supersedes the former pleading" and thus, the Court "must look

to [the plaintiff's] amended complaint to determine whether we have subject-

matter jurisdiction") (internal quotation marks omitted); *see also Garcia v. Church*

---

[1] If the Court determines that it is necessary for the SAC to also allege subject-matter jurisdiction based on diversity of citizenship, Omegle does not object to Appellants seeking leave to amend the SAC pursuant to 28 U.S.C. § 1653.

*of Scientology Flag Serv. Org., Inc.*, No. 18-13452, 2021 U.S. App. LEXIS 32601, *12 (11th Cir. Nov. 2, 2021) (explaining that regardless of "whether [subject-matter] jurisdiction rests on the presence of a federal question" or on diversity of citizenship, "[w]hen a plaintiff amends his complaint, a federal court must look to the amended complaint to determine whether it has subject matter jurisdiction"). Thus, it is appropriate for the Court to review the most recent version of the complaint filed in the district court when determining whether it has subject-matter jurisdiction over this appeal. *See, e.g., Diaz v. Nationstar Mortg., LLC*, No. 21-10570-AA, 2021 U.S. App. LEXIS 25586, *1-2 (11th Cir. July 26, 2021) (reviewing the second amended complaint to determine if the plaintiffs "distinctly and affirmatively allege[d] each party's citizenship" for purposes of determining diversity jurisdiction so as to permit the Court to have subject-matter jurisdiction); *Elfus v. Impact Sports Basketball LLC*, No. 20-10244-GG, 2020 U.S. App. LEXIS 14098, *1-2 (11th Cir. May 1, 2020) (citing *Pintando* with respect to the Court's *sua sponte* concerns regarding subject-matter jurisdiction and explaining that "[the plaintiff's] amended complaint is the relevant complaint for purposes of subject matter jurisdiction").

A case arises under federal law when "a federal question is presented on the face of the plaintiff's complaint." *See Kemp v. IBM*, 109 F.3d 708, 712 (11th Cir. 1997). Here, there is no question that the SAC presents a federal question on its

face. It specifically alleges federal question jurisdiction pursuant to

28 U.S.C. § 1331 and includes three causes of action arising under federal law,

specifically, alleged violations of 18 U.S.C. §§ 2252A and 2255,

18 U.S.C. §§ 1591 and 1595, and 18 U.S.C. § 2710. (Dkt. 75 at ¶¶ 17, 70-100.)

While the Court need not consider prior versions of the complaint to determine

whether it has jurisdiction over this appeal, both the original complaint and the first

amended complaint in this case also included claims arising from alleged

violations of federal law. (*See* Dkt. 1 at ¶¶ 51-58; Dkt. 48 at ¶¶ 70-93.)

In sum, subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 is clear

from the face of the SAC as well as prior versions of the complaint. Appellee

Omegle.com LLC respectfully requests that the Court find it has jurisdiction over

this appeal.

Dated: March 1, 2022

FOCAL PLLC

By:  s/ *Kimberlee Gunning*
    Stacia N. Lay, *Pro Hac Vice*
    Venkat Balasubramani, *Pro Hac Vice*
    Kimberlee Gunning, *Pro Hac Vice*
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Telephone: (206) 529-4827
    stacia@focallaw.com
    venkat@focallaw.com
    kim@focallaw.com

Attorneys for Appellee Omegle.com LLC

THOMAS & LoCICERO PL

By:  s/ *James J. McGuire*
    James J. McGuire (FBN 187798)
    601 South Boulevard
    Tampa, Florida 33606
    Telephone: (813) 984-3060
    jmcguire@tlolawfirm.com

    Daniela B. Abratt (FBN 118053)
    915 Middle River Dr., Suite 309
    Fort Lauderdale, Florida 33304
    Telephone: (954) 703-3416
    dabratt@tlolawfirm.com

3