**No. 22–10338**

*In the*

# United States Court of Appeals

*for the*

# Eleventh Circuit

M.H., et. al.,

*Appellants,*

v.

OMEGLE.COM, LLC,

*Appellee.*

**PLAINTIFFS–APPELLANTS' RESPONSE TO
THE COURT'S JURISDICTIONAL QUESTION**

James R. Marsh
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
(212) 372-3030

*Attorney for Plaintiffs-Appellants*

**<u>Eleventh Circuit Rule 26.1 Certificate of Interested Persons</u>**

Plaintiffs–Appellants M.H. and J.H., on behalf of their minor child C.H., by and through undersigned counsel, pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rules 26.1–1, 26.1–2, and 26.1–3, hereby submits their Certificate of Interested Persons and Corporate Disclosure Statement.

In alphabetical order, following are all trial judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest inthe outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations and other identifiable legal entities related to aparty:

- Abratt, Daniela – Attorney for Appellee
- Balasubramani, Venkat – Attorney for Appellee
- C.H. – Appellant (minor child)
- Covington, Virginia M. Hernandez – U.S. District Court Judge
- Focal PLLC – Attorneys for Appellee
- Freeman, Jennifer – Attorney for Appellants
- Gunning, Kimberlee – Attorney for Appellee

i

- Hach Rose Schirripa & Cheverie, LLP – Attorneys for Appellants
- Mabie, Margaret E. – Attorney for Appellants
- Marsh, James R. – Attorney for Appellants
- Marsh Law Firm PLLC – Attorneys for Appellants
- McGuire, James J. – Attorney for Appellee
- McNulty, Kevin – U.S. District Court Judge
- M.H. – Appellant (parent of minor child C.H.)
- Nappi, Hillary – Attorney for Appellants
- Omegle.com LLC – Appellee
- Prusinowski, James T. – Attorney for Appellee (former)
- Schirripa, Frank R. – Attorney for Appellants
- Thomas & LoCicero, PL – Attorneys for Appellee
- Trimboli & Prusinowski – Attorneys for Appellee (former)
- Wilson, Thomas G. – U.S. Magistrate Judge

## **Appellate Rule 26.1 Certification**

Plaintiffs–Appellants M.H. and J.H., on behalf of their minor child C.H., certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

## INTRODUCTION

M.H. and J.H., on behalf of their minor daughter C.H., are appealing the January 10, 2022 order issued by the federal District Court for the Middle District of Florida dismissing their Second Amended Complaint. This Court has inquired whether it has appellate jurisdiction over this case. The answer is yes because the Second Amended Complaint raises federal questions which supplants the diversity jurisdiction raised in this action prior to the filing of the Second Amended Complaint.

The Court's Jurisdictional Question asks "whether the relevant pleadings sufficiently allege the citizenship of the parties so as to invoke the district court's diversity jurisdiction in the first instance." Respectfully, this action no longer relies solely on diversity jurisdiction; the district court had jurisdiction under 21 U.S.C. § 1331 because federal questions were presented in the Plaintiff–Appellant's Second Amended Complaint.

## FACTUAL BACKGROUND

During the COVID–19 pandemic, C.H., a then 11–year–old girl residing in New Jersey, attended school remotely using her school–provided Chromebook. Doc. 75 ¶54.

1

Omegle.com LLC, which is based in Florida, promotes, markets, and advertises itself as a place to "Talk to strangers!" Doc. 75 ¶43. Omegle positions itself as a "matchmaking" service to connect people with strangers via livestreaming video facilitated by its website. Doc. 75 ¶44. Omegle pairs users randomly and in some cases matches users according to similarities in conversations and subjects. Doc. 75 ¶¶33–34. Omegle does not require any age verification or authentication. Doc. 75 ¶37. Omegle fails to prevent minors under the age of thirteen from accessing its website. Doc. 75 ¶¶38, 42. Since at least 2016, the use of Omegle's website by predators was known to the public and to Omegle. Doc. 75 ¶41.

On or about March 31, 2020, C.H. accessed Omegle's website Omegle.com. Doc. 75 ¶57. Omegle initially paired her with a group of minors who appeared older. *Id.* Upon being paired in a second chat, C.H. encountered a black screen. Shortly thereafter, C.H. saw text being typed on the black screen. Doc. 75 ¶58. This unknown user ("John") provided C.H. with her geolocation. John also threatened to hack the cell phones and computers in C.H.'s house. Doc. 75 ¶59. C.H. pleaded with John to leave her alone. Doc. 75 ¶60. John then instructed

C.H. to remove all her clothing, including her underwear, and to touch, fondle, and masturbate her naked genitals in front of the camera. Doc. 75 ¶61. C.H. pleaded with John and offered gift cards to him in lieu of complying with his demands. Doc. 75 ¶61. John demanded that she remove her clothing and display her genitals. Doc. 75 ¶61. Eventually C.H. complied with John's demands, removed all her clothing, and touched herself in a sexually explicit manner. Doc. 75 ¶61. John recorded C.H.'s actions, forever memorializing her child sex abuse performance. Doc. 75 ¶62.

Omegle is fully aware of the extent to which its website is used to sexually target, groom, exploit, and abuse children like C.H. Doc. 75 ¶43. Omegle manufactured a product which caters to child predators and receives value for the intended use of its website and related services. Doc. 75 ¶¶45–46. Omegle holds itself out to be a platform that "monitors" user content. Doc. 75 ¶¶50–52. Omegle actively matches underage children with adult strangers. Doc. 75 ¶¶50–52. Omegle also knew that its profits, in the form of increased web traffic and advertising revenue, were enhanced in part because child predators like

3

John—who are known to Omegle as "cappers"—produce explicit recordings of children like C.H. and share them online. Doc. 75 ¶63.

## PROCEDURAL HISTORY

Plaintiffs–Appellants reside in New Jersey and commenced this lawsuit on August 25, 2020 in the United States District Court for the District of New Jersey. Doc. 1. In their initial complaint, they argued that jurisdiction was proper pursuant to 28 U.S.C. § 1332 since there was diversity of citizenship between the parties. Doc 1. Additionally, the original complaint alleged violations of 18 U.S.C. § 2710 (the Video Privacy Protection Act) in addition to several state law claims. Doc. 1.

On November 20, 2020, Defendant–Appellee Omegle.com, LLC moved to dismiss the complaint arguing that the New Jersey district court lacked personal and subject matter jurisdiction and that the complaint failed to state a claim. Doc. 10. On March 19, 2021, the Honorable Kevin McNulty granted Omegle.com, LLC's motion to dismiss for lack of personal jurisdiction. Doc. 17. Judge McNulty also determined that since the district court lacked "the power to consider the motion to dismiss the case for failure to state a claim, it [was] denied as moot." Doc. 17. Judge McNulty stayed the "dismissal for 14

days to permit the parties to address the issue of a transfer of venue" to Oregon or Florida where Omegle.com, LLC was located based on admissions in the documents filed by Omegle.com, LLC and annexed to its motion to dismiss. Doc 17.

On April 2, 2021, the parties stipulated to a change of venue and asked the New Jersey district court to change the venue of the case to Florida. Doc. 20. On April 9, 2021, this case was transferred from the United States District Court for the District of New Jersey to the United States Court for the District of Florida Tampa Division and assigned to Judge Virginia M. Hernandez Covington. Doc. 22.

Judge Hernandez Covington questioned venue and instructed the parties to "provide the Court with more information by April 16, 2021, as to whether this case is most directly connected to the Tampa Division, as opposed to the four other divisions within the Middle District of Florida." Doc. 25. In response, on April 16, 2021, Omegle.com, LLC filed papers explaining that "based on Omegle's location within Pinellas County, the Tampa Division would appear to be most directly connected to this action and/or is the division 'in which the action is most conveniently advanced.'" The attached declaration of Leif

K-Brooks, founder and sole manager of Omegle.com, LLC, maintained that "Omegle is a limited liability company formed under the laws of the State of Oregon…. Omegle's principal place of business, mailing address, and registered agent address in Florida are all located in St. Petersburg, Pinellas County, Florida." Doc. 26–1. In response, Judge Hernandez Covington ordered the Plaintiffs–Appellants to file an amended complaint. Doc. 27.

On May 17, 2021, the Plaintiffs–Appellants filed their Amended Complaint which not only claims diversity jurisdiction but also establishes that "[f[ederal subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255." Doc. 48 ¶17. The Amended Complaint alleges violations of 18 U.S.C. § 2255(a) (Civil Remedy for Personal Injuries; 18 U.S.C. §§ 1591 and 1595 (alleging Omegle.com, LLC knowingly benefitted from sex trafficking operation); 18 U.S.C. § 2710 (the Video Privacy Protection Act), and various state law claims. Doc. 17.

On June 8, 2021, Omegle.com, LLC filed a motion to dismiss pursuant to Fed. R. 12(b)(6) relying largely on the argument that it is entitled to immunity pursuant to Section 230 of the Communications

6

Decency Act. Doc. 61. On September 15, 2021, Judge Hernandez Covington *sua sponte* dismissed Plaintiffs–Appellants' Amended Complaint as a so–called "shotgun pleading," but granted leave to file yet another amended complaint. Doc. 74.

On September 29, 2021, Plaintiffs–Appellants filed a Second Amended Complaint which also relies not solely on diversity jurisdiction but that "Federal subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255. Doc. 75. The Second Amended Complaint again alleges violations of 18 U.S.C. § 2255(a) (Civil Remedy for Personal Injuries; 18 U.S.C. §§ 1591 and 1595 (alleging Omegle knowingly benefitted from sex trafficking operation); 18 U.S.C. § 2710 (the Video Privacy Protection Act), and various state law claims. Doc. 75.

On October 13, 2021, Omegle.com, LLC renewed its arguments in a motion to dismiss the Second Amended Complaint. Doc. 78. On January 10, 2022, the Court dismissed Plaintiffs–Appellants' Second Amended Complaint and held that Omegle.com, LLC was entitled to immunity under Section 230 of the Communications Decency Act. Doc. 90. Specifically, the Court found that "Omegle is entitled to immunity

under CDA Section 230 because (1) it is an ICS provider under the CDA, (2) Plaintiffs' claims seek to treat Omegle as a publisher or speaker, and (3) the information at issue originated from another information provider, John Doe. Counts I through VIII are barred under the CDA." Doc. 90.

Finally, the order dismissing Plaintiffs–Appellants' Second Amended Complaint was entered on January 10, 2022. This order was immediately appealable as a final order. 28 U.S.C. § 1292(a)(1). Plaintiffs–Appellants timely filed their notice of appeal of this order on January 28, 2022. *See* 28 U.S.C. §§ 1292(a)(1), 2107(b)(2).

## **DISCUSSION**

Federal law includes an act of Congress or a regulation issued under an act of Congress. *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002).

A case generally arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (jurisdiction upheld); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (jurisdiction lacking) (quoting *Franchise Tax Bd. v. Constr. Laborers*

8

*Vacation Trust*, 463 U. S. 1, 27–28 (1983) (jurisdiction lacking)) ("A case 'aris[es] under' federal law within the meaning of § 1331…if 'a well-pleaded complaint establishes either that federal law creates the cause of action…'").

As set forth in the Plaintiffs–Appellants' notice of appeal, this case presents several federal questions including the extent of the broad federal immunity provided by Section 230 of the Communications Decency Act. 47 U.S.C. § 230. In this Circuit, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316 (11th Cir. 2006) established the contours of that immunity. In the Ninth Circuit, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003), *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016), *Dyroff v. Ultimate Software Group, Inc.*, 934 F.3d 1093 (9th Cir. 2019), and *Gonzalez v. Google*, 2 F.4th 871 (9th Cir. 2021) have all upheld immunity under Section 230, although *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) provides a notable exception. The DC Circuit has also addressed Section 230 immunity in *Klayman v. Zuckerberg*, 753 F.3d 1354 (D.C. Cir. 2014). The Sixth Circuit has addressed Section 230 in *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398 (6th Cir. 2014).

The Second Circuit has addressed it in *Force v. Facebook*, 934 F.3d 53 (2nd Cir. 2019) and *Herrick v. Grindr LLC*, 765 F. App'x 586 (2d Cir. 2019). And the Fifth Circuit in *Diez v. Google, Inc.*, 831 F. App'x 723 (5th Cir. 2020). Federal law found in Section 230 "creates the cause of action" in this case.

The Allow States to Fight Online Sex Trafficking Act ("FOSTA"), enacted by Congress in 2018, is also an important federal cause of action in this case based on federal law which has been addressed in the D.C. Circuit in *Woodhull Freedom Found v. United States*, 948 F.3d 363 (D.C. Cir. 2020) and in the Sixth Circuit in *United States v. Afyare*, 632 F. App'x 272 (6th Cir. 2016).

Plaintiffs–Appellants have pleaded a case which arises under federal law within the meaning of 21 U.S.C. § 1331 by asserting that federal law creates the causes of action. Other Circuits have entertained similar causes of action, specifically whether the Defendant–Appellee's conduct falls outside the bounds of the Communications Decency Act's ("CDA") protection under Section 230; whether Defendant–Appellee is liable under 18 U.S.C. §§ 2255 and 1595; whether Defendant–Appellee knowingly facilitated the production of child pornography in violation of

18 U.S.C. § 2255; whether Defendant–Appellee "knowingly' violated 18 U.S.C. § 2252A; whether the Plaintiffs–Appellants properly pleaded claims under 18 U.S.C. § 1595 ("FOSTA") and whether Defendant–Appellee knowingly benefitted from an online sex trafficking venture under 18 U.S.C. § 1591.

## CONCLUSION

The Court should not dismiss Plaintiffs–Appellants' appeal because they have pleaded a case which arises under federal law within the meaning of 21 U.S.C. § 1331 by asserting that federal law creates the causes of action. The Court therefore has jurisdiction over this case.

Respectfully submitted,

James R. Marsh
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
Email: jamesmarsh@marsh.law
Phone: 212–372–3030

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing document complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2064 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

_____
James R. Marsh

## CERTIFICATE OF SERVICE

The undersigned certifies that he filed this pleading through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

_____
James R. Marsh