# MARSH
## law firm pllc

31 Hudson Yards, 11th Floor
New York, New York 10001-2170
212–372–3030 • jamesmarsh@marsh.law

---

October 17, 2023

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

Re:   *M.H., et. al. v. Omegle.com LLC,* 22–10338
      **Appellants' Supplemental Authority under Fed. R. App. P. 28(j)**

Dear Mr. Smith,

Pursuant to FRAP 28(j) and Circuit I.O.P. 6, Appellants submit as supplemental authority a recent decision from the Superior Court of the State of California for the County of Los Angeles, *Social Media Cases*, Case No. JCCP 5255.

In *Social Media Cases*, the California trial court addressed whether a social media company can maximize its business model and advertising revenue at the expense of minor users' health and well-being. The defendants argued that the entirety of the plaintiffs' case was barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230") and by the United States and California Constitutions protecting freedom of speech (First Amendment).

Notably, the California court reasoned that "in order to determine whether a state law cause of action is barred by either Section 230 or the First Amendment, the proper approach is to analyze the elements of a particular cause of action and then to determine whether the gravamen of the cause of action impermissibly imposes liability on a basis that is statutorily or constitutionally precluded." *Id*. at 15.

Indeed, after considering the merits of the defendants' arguments and analyzing the plaintiffs' claims, the court determined that the plaintiffs' negligence claims could proceed despite the Section 230 factor.

Ultimately, after analyzing and considering *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021), the court reasoned that, "if any facts sufficient to state a claim for negligence support a theory of liability that is not preempted by Section 230, the court must overrule the Demurrer as to the Fifth Cause of Action. If some allegations state a claim that is not barred by Section 230, the court is not required at this stage of the litigation to determine whether or not there are other particular allegations of the Master Complaint and Short-Form Complaints that are barred by Section 230." *Id*. at 57.

Appellants believe that *Social Media Cases* supports their position that the totality of their pleading should be considered, and that Section 230 does not automatically act as an absolute bar to a cause of action without first considering whether that cause of action impermissibly imposes liability on a basis that is statutorily or constitutionally precluded.

In this case, the district court broadly and absolutely applied Section 230 without fully considering the plaintiffs' pleading. (*See* Appellants Brief at 8.) The decision in *Social Media Cases* supports Appellants' argument that "[i]n this case, the Appellants amply pleaded their claims and are entitled to the presumption that their facts are true with all reasonable inferences in their favor." (*See* Appellants Brief at 10.)

Thank you for your consideration.

Sincerely,

James R. Marsh


Attachment