

**Stacia N. Lay**
stacia@focallaw.com
206.529.4827

**VIA ECF**

October 18, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street., N.W.
Atlanta, Georgia 30303

      Re:    *M.H., et al. v. Omegle.com LLC*, No. 22-10338
              Appellee's Response to Appellants' Supplemental Authority (Dkt. 64)

Dear Mr. Smith:

Pursuant to FRAP 28(j) and Circuit I.O.P. 6, Defendant-Appellee Omegle.com LLC submits its response to Appellants' Supplemental Authority filed on October 18, 2023 (Dkt. 64), attaching the California state superior court decision in the *Social Media Cases*, No. JCCP 5255.

As an initial matter, Appellants' Supplemental Authority does not appear to comply with Circuit I.O.P. 6, which limits the body of the letter to 350 words. Appellants' Supplemental Authority appears to be 430 words, well in excess of the word limit.

As to the substance of the Supplemental Authority, the decision – from a trial court in California – has little to no relevance to, or persuasive value with respect to, the discrete questions at issue in this appeal. Because, as Omegle argued, Appellants abandoned their state law claims and one of their federal claims, the only issues on appeal involve Section 230's applicability to the claim under 18 U.S.C. §§ 2252A and 2255 and the applicable knowledge standard under Section 230(e)(5)(A) for the claim under 18 U.S.C. §§ 1591 and 1595. (Brief of Appellee Omegle.com LLC at 21.) The *Social Media Cases* decision is relevant to neither issue.

Moreover, contrary to Appellants' assertion, the *Social Media Cases* decision does not support their contention that the District Court "broadly and absolutely" applied Section 230. (Dkt. 64-1 at 2.) To the contrary, the District Court concluded that Section 230 barred Appellants' claims after giving due consideration to the entire pleading, including each cause of action and the underlying allegations. The *Social Media Cases* decision supports both the District Court's decision and Omegle's arguments on appeal (*see, e.g.*, Appellee's Brf. at 24-28) that Section 230 bars claims when "the gravamen of the cause of action was for injury caused by content" on the platform. *Social Media Cases* at 65.

Thus, Omegle respectfully submits that the *Social Media Cases* decision has little to no bearing on the discrete issues presented in this appeal.

Respectfully submitted,

/s/ *Stacia N. Lay*
Stacia N. Lay, *Pro Hac Vice*
Focal PLLC
Counsel for Defendant-Appellee Omegle.com LLC

900 1st Ave. S., Suite 201, Seattle, WA 98134 **|** p: 206.529.4827 **|** info@focallaw.com

www.focallaw.com