

31 Hudson Yards, 11th Floor
New York, New York 10001-2170
212–372–3030 • jamesmarsh@marsh.law

April 2, 2024

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

Re: *M.H., et. al. v. Omegle.com LLC,* 22–10338
**Bankruptcy Update**

Dear Mr. Smith,

Appellee Omegle.com LLC filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Oregon on December 8, 2023 as Case No: 23–62287–thp7.

On January 10, 2024, the Court issued an order that "this appeal is hereby STAYED pending further orders of the Bankruptcy Court and this Court. *See* 11 U.S.C. § 362. Appellee is directed to file, by the thirtieth of each month, monthly status reports with this Court." [Document: 72-2]

On February 1, 2024, the Court sent a reminder that "status reports are required to be filed on the 30th day of each month" and that "failure to file a required status report may cause: the appeal to be reinstated to the active docket." [Document: 76]

Today, the Court sent another reminder that was again ignored. [Document: 77]

Since the Appellee is in bankruptcy, and the Court granted an order permitting all its counsel to withdraw unilaterally, there is no longer an attorney representing the Appellee in this matter. The Appellee, therefore, has repeatedly defaulted in violation of the Court's order and therefore, "the appeal should be reinstated to the active docket" and the long-awaited decision in this case issued.

In accordance with this Circuit's decision in *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983), which interpreted 11 U.S.C. § 362, this Court has no apparent authority to issue any orders after the imposition of the automatic bankruptcy stay on December 8, 2023, including the order granting Appellee's counsel permission to withdraw and the order to file monthly status reports with the Court. This is an absurd result because if the Court cannot issue a decision on the merits in this case because of the automatic stay issued by a subordinate Article 1 court, then it must be similarly constrained from issuing any orders without relief from stay.

The United States Constitution vests federal judicial power in Article III courts. This Court is an Article III court. The bankruptcy court that issued the stay is an Article 1 court that should not constrain the Constitutional mandate of this Court to decide crucial issues of national (and international) importance concerning federal statutory construction and the due process and First Amendment rights of the parties. That the Appellant is a child victim of online sexual abuse and exploitation who is being further harmed by the Appellee's unilateral retreat to the sweeping and seemingly limitless protection of the statutorily created bankruptcy system makes a mockery of a party's Constitutional right to a determination on the merits by an Article III court, especially in a case which was fully submitted over 18 months ago.

A decision in this case will bring clarity to the bankruptcy claims process. It will not financially impact any of the parties. Omegle.com LLC is in liquidation. The sole owner has escaped all responsibility for his reprehensible actions in creating and perpetuating this company. All that remains is a morally and financially bankrupt entity with seemingly limited financial resources.

Justice and the Constitution implore this Court to issue its decision in this appeal. The bankruptcy apparatus should not control the destiny of this case, this child, or this Court. Thank you for your consideration.

Sincerely,

James R. Marsh
Attorney for Appellant M.H.